**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                                                  Case No. 02-cr-030-01-JD

<u>Charles Glenn</u>

**O R D E R**

Defendant moves to reduce his sentence based upon the recent amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 67). For the reasons stated below, the motion to reduce sentence is DENIED.

On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances. This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated.  The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which he is presently incarcerated, it is determined that defendant is not eligible to seek a reduced sentence under this amendment.  On September 9, 2003, a jury returned a verdict of guilty on the charges of Distribution of Alprazolam ("Xanax") and Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1).  The presentence report (using the November 5, 2003 edition of the Guidelines Manual)determined the defendant was responsible for .22 grams of cocaine base (or the equivalent of 4.4 kilograms of marijuana) and thirteen Xanax pills (or the equivalent of .8125 grams of marijuana), which resulted in a base offense level of 16.  After applying a two level increase for obstruction of justice, the defendant's total offense level was determined to be 18.  Because

the defendant was determined to be a career offender, however, pursuant to USSG §4B1.1 his base and total offense levels were increased to level 34 because he had a thirty year maximum statutory penalty.  The defendant's criminal history was determined to be VI and his advisory guideline range to be 262 to 327 months.

Defendant's motion for downward departure was denied by the court.  While the court did determine that the defendant had not obstructed justice in this case, that finding had no impact on the defendant's guideline calculations because he was determined to be a career offender.  The court sentenced the defendant to 262 months imprisonment with a recommendation for the Bureau of Prisons drug treatment program and six years of supervised release.

The amended guideline range is determined by substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain unaffected.  After applying the retroactive application of the crack cocaine amendment, the defendant initially receives a two level reduction in his base offense level from level 16 to level 14.  However, there is no reduction in his total offense level because he was deemed to be a career offender.  Therefore,

pursuant to USSG §1B1.10(a)(2)(B), the retroactive amendment does not have the effect of lowering the defendant's imprisonment guideline range.

Therefore, for the foregoing reasons, Defendant's motion to reduce sentence (document no. 67) is DENIED.

**SO ORDERED.**


Date: June 11, 2008
                               ***/s/Joseph A. DiClerico, Jr.***
                               Joseph A. DiClerico, Jr.
                               United States District Judge


cc:   Charles Glenn, pro se
       Counsel of Record